JANET L. CHUBB, ESQ.
Nevada State Bar No. 8974
BRET F. MEICH
Nevada State Bar No. 11208
ARMSTRONG TEASDALE LLP
50 W. Liberty St., Ste. 950
Reno, NV 89501
Telephone: 775.322.7400
Facsimile: 775.322.9049
Email: jchubb@armstrongteasdale.com
       bmeich@armstrongteasdale.com

Attorneys for Creditors George McArthur,
McArthur Farm Supply, Inc. and Jose L. Rojas

ELECTRONICALLY FILED ON
November 4, 2013

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

| | |
|---|---|
| In re<br><br>LANA ARLENE LAMAS-NICHOLSON,<br><br>Debtor. | Case No.: BK-N-12-52899-BTB<br><br>Chapter 7<br><br>**MOTION TO COMPEL, FOR CONTEMPT, AND FOR SANCTIONS, WITH CERTIFICATE OF SERVICE**<br><br>Hearing Date: December 17, 2013<br><br>Hearing Time: 2:00 p.m. |

    Creditor George McArthur ("Mr. McArthur") moves to compel Ms. Lamas-Nicholson's production of subpoenaed documents regarding her divorce, bank statements and related documents for Nevada Feed & Farm Supply, LLC and Ms. Lamas-Nicholson. Ms. Lamas-Nicholson failed to appear at the records deposition or produce documents responsive to the subpoena. Therefore, Mr. McArthur seeks an order compelling Ms. Lamas-Nicholson to produce the documents requested, subject to an order of contempt for noncompliance. Mr. McArthur also seeks an award of his fees and costs incurred in conjunction with the production of these documents.

///

///

## I. HISTORY OF THE SUBPOENA

On August 2, 2013, Mr. McArthur, through his counsel of record, issued subpoenas upon Ms. Lamas-Nicholson, Wells Fargo Bank, and Bank of America. On the same date, Mr. McArthur filed Notice of Records Depositions with Certificate of Service (Ct. Dkt. #37). Service of the subpoenas was accomplished on Wells Fargo Bank and Bank of America by personal service, with fees for attendance and the mileage allowed by law on, and on Ms. Lamas-Nicholson by United States First Class mail, postage fully prepaid, and direct email to her counsel of record, Patricia Wilson Hadfield, Bankruptcy Law Group, PC pursuant to L.R. 9016, which allows for service of subpoenas on counsel when the party has appeared through counsel.

The Debtor subpoena directed Ms. Lamas-Nicholson to produce "all bank statements; registers and general ledgers for Lana Arlene Nicholson; Lana Arlene Lamas-Nicholson, for Wells Fargo accounts ending in 4266; and 3504; and Bank of America accounts ending in 0076, from 09/01/2009 through 03/01/2011, and any and all documents related to the divorce of Lana Arlene Lamas-Nicholson". **Exhibit 1**, Lamas-Nicholson Subpoena.

**Ms. Lamas-Nicholson failed to appear for her records depositions.** A transcript of the deposition is attached as **Exhibit 2**:

> MR. MEICH: All right. My name is Bret Meich on behalf of George McArthur. Today is September 3rd. It's 9:00 a.m. This is the date and for the records deposition.
>
> Notice was served on Wells Fargo, Bank of America and the debtor, Lana Arlene Lamas-Nicholson..
>
> Responses from Wells Fargo and B of A have been received. As an addendum to that, Wells Fargo has agreed to produce documents, and they should be sending them to us today.
>
> We've received no response from the debtor, Ms. Lamas-Nicholson.

**Exhibit 2**, Nonappearance of Lana Arlene Lamas-Nicholson, pp. 4-5.

## II. LEGAL STANDARD

One's attendance for the production of documents may be compelled pursuant to

Federal Rule of Bankruptcy Procedure 9016, which incorporates in whole Federal Rule of Civil Procedure 45. *Cf.* L.R. 2004(c), inc. Fed. R. Civ. P. 45(a)(1)(C). A subpoena may "command each person to whom it is directed to produce designated documents, electronically stored information, or tangible things in that person's possession, custody, or control." Fed. R. Civ. P. 45(a)(1)(A)(iii); Fed. R. Civ. P. 45(a)(1)(C).

### III. ARGUMENT

1. <u>Ms. Lamas-Nicholson should be compelled to produce the subpoenaed documents.</u>

Mr. McArthur properly sought the production of documents with a subpoena under Bankruptcy Rule 9016 and Civil Rule 45. Ms. Lamas-Nicholson did not attend the records deposition.

Ms. Lamas-Nicholson should now be compelled to provide the subpoenaed documents. Fed. R. Bankr. P. 7037, inc. Fed. R. Civ. P. 37(a)(1).

2. <u>Ms. Lamas-Nicholson should be held in civil contempt for her failure to produce documents.</u>

The court rules are clear that a party that refused to comply with a subpoena without excuse may be held in contempt. Fed. R. Civ. P. 37(b)(2)(A)(vii); Fed. R. Civ. P. 45(e). This relief is property sought by motion. Fed. R. Bankr. P. 9020, inc. Fed. R. Bankr. P. 9014.

There was a definite order of this court for Ms. Lamas-Nicholson to produce the documents sought by Mr. McArthur's subpoenas. "Subpoenas issued by attorneys are issued on behalf of the court and thus are treated as orders of the court." *Martinez v. City of Pittsburg*, Case No. C 11-01017 SBA LB, 2012 WL 699462, *3 (N.D. Cal. March 01, 2012) (citing cases); *see also Pennwalt Corp. v. Durand-Wayland, Inc.*, 708 F.2d 492, 494 n.5 (9th Cir. 1983) (acknowledging that "a subpoena duces tecum is itself a court order, and noncompliance may warrant contempt sanctions."), *cited with approval by SEC v. Hyatt*, 621 F.3d 687, 693 (7th Cir. 2010), and *Williams v. Mercer (In re Certain Complaints)*, 783 F.2d 1488, 1495 (11th Cir. 1986). Willful failure to obey a subpoena is unquestionably a contempt of court. *Nilva v.*

*United States*, 352 U.S. 385 (1957); *Blackmer v. United States*, 248 U.S. 421, 437-440 (1932); *see A-Z Int'l v. Phillips*, 323 F.3d 1141, 1146 (9th Cir. 2003) (noting decision that failure to comply with subpoena is contempt of lawful process).  Ms. Lamas-Nicholson failed to comply with the subpoena, and she should be held in contempt.

Mr. McArthur has satisfied his burden of showing by clear and convincing evidence that Ms. Lamas-Nicholson violated a specific and definite order of the court.  *Renwick v. Bennett (In re Bennett)*, 298 F.3d 1059, 1069 (9th Cir. 2002) (citation omitted).  The burden is on Ms. Lamas-Nicholson to demonstrate why she was unable to comply.  *Id.*  She did not do so before this motion was filed.  She should be held in contempt and fined as a remedial remedy, for the benefit Mr. McArthur such that it either coerces compliance or compensate Mr. McArthur for losses sustained.  *Id.*

3. <u>Ms. Lamas-Nicholson should be sanctioned and Mr. McArthur awarded fees and costs.</u>

Mr. McArthur is prepared to submit for court approval the amount of his fees and costs associated with this dispute if the Bankruptcy Court grants the motion to compel.  Mr. McArthur submits there are three basis for awarding fees and costs.  Rule 37(a)(5) provides that "the court must … require the party … whose conduct necessitated the motion … to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees."  Rule 37(b)(2)(C) also provides that the "court must order the disobedient party … to pay the reasonable expenses, including attorney's fees, caused by the failure [to provide or permit discovery]."  Similarly, "A party who, expecting a deposition to be taken, attends in person or by an attorney may recover reasonable expenses for attending, including attorney's fees, if the noticing party failed to attend and proceed with the deposition."  Fed. R. Civ. P. 30(g)(1).  Mr. McArthur requests the court make an award on these grounds, subject to the subsequent

///

determination of the amounts owed.

Dated this 4th day of November, 2013         ARMSTRONG TEASDALE LLP

By: /s/Janet L. Chubb
JANET L. CHUBB, ESQ.

Attorneys for Creditors George McArthur, McArthur Farm Supply, Inc. and Jose L. Rojas

# CERTIFICATE OF SERVICE

1. On November 4, 2013 I served the following document(s):

**MOTION TO COMPEL, FOR CONTEMPT, AND FOR SANCTIONS, WITH CERTIFICATE OF SERVICE**

2. I served the above-named document(s) by the following means to the persons as listed below:

■ a. **ECF System** (attach the "Notice of Electronic Filing" or list all persons and addresses):

JANET L. CHUBB on behalf of Creditor GEORGE MCARTHUR
bsalinas@armstrongteasdale.com

JERI COPPA-KNUDSON
jcoppa-knudson@epitrustee.com, jcoppaknudson@ecf.epiqsystems.com

PATRICIA HADFIELD on behalf of Debtor LANA LAMAS-NICHOLSON
patriciah@bankruptcyLG.com, vanessav@bankruptcyLG.com

U.S. TRUSTEE - RN - 7
USTPRegion17.RE.ECF@usdoj.gov

GILBERT B, WEISMAN on behalf of Creditor AMERICAN EXPRESS TRAVEL RELATED SERVICES CO INC
notices@becket-lee.com

☐ b. **United States mail, postage fully prepaid** (list persons and addresses):

I declare under penalty of perjury that the foregoing is true and correct.

DATED this 4th day of November, 2013.

| Barbara Salinas | /s/ Barbara Salinas |
|---|---|
| Name | Signature |

# EXHIBIT 1

# EXHIBIT 1

B256 (Form 256 – Subpoena in a Case under the Bankruptcy Code) (12/07)

# UNITED STATES BANKRUPTCY COURT

District of     NEVADA

In re Debtor:
LANA ARLENE LAMAS-NICHOLSON

**SUBPOENA IN A CASE UNDER THE BANKRUPTCY CODE**

Case No. *     BK-N-12-52899-BTB

To: LANA ARLENE LAMAS-NICHOLSON

Chapter     7

☐ YOU ARE COMMANDED to appear in the United States Bankruptcy Court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):
ALL BANK STATEMENTS; REGISTERS AND GENERAL LEDGERS FOR LANA ARLENE NICHOLSON; LANA ARLENE LAMAS-NICHOLSON, FOR WELLS FARGO ACCOUNTS ENDING IN 4266; 1443; AND 3504; AND BANK OF AMERICA ACCOUNTS ENDING IN 0076 AND 7063, FROM 09/01/2009 THROUGH 03/01/2011; AND ANY AND ALL DOCUMENTS RELATED TO THE DIVORCE OF LANA ARLENE LAMAS-NICHOLSON

| PLACE<br>ARMSTRONG TEASDALE LLP, 50 W. LIBERTY ST., SUITE 950, RENO, NV 89501 | DATE AND TIME<br>SEPTEMBER 3, 2013 at 9:00 a.m. |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this proceeding that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Rule 30(b)(6), Federal Rules of Civil Procedure, made applicable in bankruptcy cases and proceedings by Rules 1018, 7030, and 9014, Federal Rules of Bankruptcy Procedure.

| ISSUING OFFICER SIGNATURE AND TITLE<br>*[signature]* | DATE<br>8.1.13 |
|---|---|

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
JANET L. CHUBB, ESQ. 50 W. LIBERTY ST., SUITE 950, RENO, NV 89501; 775-322-7400

* If the bankruptcy case is pending in a district other than the district in which the subpoena is issued, state the district under the case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| **SERVED** | 8.2.2013 | |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| PATRICIA WILSON HADFIELD, ESQ. | VIA U.S. MAIL AND DIRECT EMAIL |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| BARBARA SALINAS | EMPLOYEE OF ARMSTRONG TEASDALE LLP |

### DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on 8.2.2013
DATE

SIGNATURE OF SERVER

ADDRESS OF SERVER
50 W. LIBERTY SUITE 950
RENO, NV 89501

Rule 45, Federal Rules of Civil Procedure, Subdivisions (c), (d), and (e), as amended on December 1, 2007, made applicable in cases under the Bankruptcy Code by Rule 9016, Federal Rules of Bankruptcy Procedure:

(c) Protecting a Person Subject to a Subpoena.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) Duties in Responding to a Subpoena.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) Contempt.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

## Barbara J. Salinas

| | |
|---|---|
| **From:** | Barbara J. Salinas <BSalinas@ArmstrongTeasdale.com> |
| **Sent:** | Friday, August 02, 2013 2:28 PM |
| **To:** | patriciah@BankruptcyLG.com |
| **Cc:** | Janet L. Chubb; Bret F. Meich |
| **Subject:** | In re Lana Arlene Lamas-Nicholson, Case No. BK-N-12-52899 [IWOV-idocs.FID2188130] |
| **Attachments:** | Subpoena Cover Letter 8.2.13.pdf; Subpoena - Lana Arlene Lamas-Nicholson 8.2.13.pdf; Notice of Records Deposition September 3, 2013.pdf |

Patricia:

Pursuant to Ms. Chubb's instruction, I have attached the following:

- Correspondence from Janet L. Chubb;
- Subpoena to Lana Arlene Lamas-Nicholson; and
- Notice of Records Deposition

Please call should you have any questions or wish to discuss.

Thank you.
Barbara



**Armstrong Teasdale**

Armstrong Teasdale LLP
**Barbara Salinas** | Paralegal / Secretary
50 West Liberty, Suite 950, Reno, Nevada 89501
DIRECT: 775-784-3213 | FAX: 775-322-9049 | MAIN OFFICE: 775.322.7400
bsalinas@armstrongteasdale.com
www.armstrongteasdale.com

Please consider the environment before printing this email.

**********************PRIVATE AND CONFIDENTIAL**********************
This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.

1

# EXHIBIT 2

# EXHIBIT 2

UNITED STATES BANKRUPTCY COURT

DISTRICT OF NEVADA

-oOo-

In re                                    Case No.:  BK-12-52899-BTB

LANA ARLENE LAMAS-NICHOLSON,             Chapter:   7

    Debtor.

---

CERTIFICATE OF NONAPPEARANCE

OF

LANA ARLENE LAMAS-NICHOLSON

RENO, NEVADA

TUESDAY, SEPTEMBER 3, 2013

Reported by:  Cindy Lee Brown, CCR #486

JOB NO.: 189469

```
 1                    A P P E A R A N C E S
 2    For George McArthur:        ARMSTRONG TEASDALE
                                  Attorneys at Law
 3                                BY:  BRET FRANCIS MEICH
                                  50 West Liberty Street,
 4                                  Suite 950
                                  Reno, NV  89501
 5                                (775) 322-7400
                                  bmeich@armstrongteasdale.com
 6
 7
 8
 9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```

NONAPPEARANCE OF LANA ARLENE LAMAS-NICHOLSON - 9/3/2013

Page 3

```
 1    STATE OF NEVADA      )
 2                         ) ss.
 3    COUNTY OF WASHOE.    )
 4
 5           I, CINDY LEE BROWN, notary public in and for the
 6    County of Washoe, State of Nevada, do hereby certify;
 7           That on Tuesday, September 3, 2013, at the offices of
 8    Armstrong Teasdale, LLP, 50 West Liberty Street, Suite 950,
 9    Reno, Nevada, I was present for the purpose of acting as
10    notary public and certified court reporter for the taking of
11    the Deposition of LANA ARLENE LAMAS-NICHOLSON;
12           That LANA ARLENE LAMAS-NICHOLSON did not appear at
13    said time and place, and the following proceedings were held:
14
15
16
17
18
19
20
21
22
23
24
25
```

NONAPPEARANCE OF LANA ARLENE LAMAS-NICHOLSON - 9/3/2013

Page 4

```
 1            RENO, NEVADA; TUESDAY, SEPTEMBER 3, 2013; 9:02 A.M.
 2                            -oOo-
 3            MR. MEICH:  All right.  My name is Bret Meich
 4   on behalf of George McArthur.  Today is September 3rd.  It's
 5   9:00 a.m.  This is the date and time for a records
 6   deposition.
 7            Notice was served on Wells Fargo, Bank of
 8   America and the debtor, Lana Arlene Lamas-Nicholson.
 9   Responses from Wells Fargo and B of A have been received.  As
10   an addendum to that, Wells Fargo has agreed to produce
11   documents, and they should be sending them to us today.
12            We've received no response from the debtor, Ms.
13   Lamas-Nicholson.
14        (Certificate of Nonappearance concluded at 9:02 a.m.)
15                            -oOo-
16
17
18
19
20
21
22
23
24
25
```

```
 1    STATE OF NEVADA      )
 2                         ) ss.
 3    COUNTY OF WASHOE.    )
 4
 5         I, CINDY LEE BROWN, notary public in and for the
 6    County of Washoe, State of Nevada, do hereby certify;
 7         That on Tuesday, September 3, 2013, at the offices of
 8    Armstrong Teasdale, LLP, 50 West Liberty Street, Suite 950,
 9    Reno, Nevada, I was present and took verbatim stenotype notes
10    of the Certificate of Nonappearance of LANA ARLENE
11    LAMAS-NICHOLSON, and thereafter transcribed the same into
12    typewriting, as herein appears;
13         That said Certificate of Nonappearance was taken in
14    stenotype notes by me, a Certified Court Reporter, and
15    thereafter reduced to typewriting under my direction, as
16    herein appears;
17         That the foregoing transcript is a full, true and
18    correct transcription of my stenotype notes of said
19    Certificate of Nonappearance.
20         Dated at Reno, Nevada, this 3rd day of September,
21    2013.
22
23                              _____
24                              CINDY LEE BROWN, CCR #486
25
```

**A**
acting 3:9
addendum 4:10
agreed 4:10
America 4:8
appear 3:12
appears 5:12,16
Arlene 1:8,16 3:11,12 4:8 5:10
Armstrong 2:2 3:8 5:8
Attorneys 2:2
a.m 4:1,5,14

**B**
B 4:9
Bank 4:7
BANKRUPT... 1:3
behalf 4:4
BK-12-52899-... 1:7
bmeich@arm... 2:5
Bret 2:3 4:3
Brown 1:24 3:5 5:5,24

**C**
C 2:1
Case 1:7
CCR 1:24 5:24
Certificate 1:14 4:14 5:10,13 5:19
certified 3:10 5:14
certify 3:6 5:6
Chapter 1:8
Cindy 1:24 3:5 5:5,24
concluded 4:14
correct 5:18
County 3:3,6 5:3,6

court 1:3 3:10 5:14

**D**
date 4:5
Dated 5:20
day 5:20
debtor 1:9 4:8 4:12
deposition 3:11 4:6
direction 5:15
DISTRICT 1:4
documents 4:11

**E**
E 2:1,1

**F**
Fargo 4:7,9,10
following 3:13
foregoing 5:17
FRANCIS 2:3
full 5:17

**G**
George 2:2 4:4

**H**
held 3:13

**J**
JOB 1:25

**L**
Lamas-Nichol... 1:8,16 3:11,12 4:8,13 5:11
Lana 1:8,16 3:11,12 4:8 5:10
Law 2:2
Lee 1:24 3:5 5:5 5:24
Liberty 2:3 3:8 5:8
LLP 3:8 5:8

**M**
McArthur 2:2 4:4
Meich 2:3 4:3,3

**N**
N 2:1
name 4:3
Nevada 1:4,17 3:1,6,9 4:1 5:1 5:6,9,20
Nonappearance 1:14 4:14 5:10 5:13,19
notary 3:5,10 5:5
notes 5:9,14,18
Notice 4:7
NV 2:4

**O**
offices 3:7 5:7
oOo 1:5 4:2,15

**P**
P 2:1,1
place 3:13
present 3:9 5:9
proceedings 3:13
produce 4:10
public 3:5,10 5:5
purpose 3:9

**R**
R 2:1
received 4:9,12
records 4:5
reduced 5:15
Reno 1:17 2:4 3:9 4:1 5:9,20
Reported 1:24
reporter 3:10 5:14
response 4:12

Responses 4:9
right 4:3

**S**
S 2:1
sending 4:11
September 1:18 3:7 4:1,4 5:7 5:20
served 4:7
ss 3:2 5:2
State 3:1,6 5:1,6
STATES 1:3
stenotype 5:9,14 5:18
Street 2:3 3:8 5:8
Suite 2:4 3:8 5:8

**T**
taken 5:13
Teasdale 2:2 3:8 5:8
time 3:13 4:5
today 4:4,11
transcribed 5:11
transcript 5:17
transcription 5:18
true 5:17
Tuesday 1:18 3:7 4:1 5:7
typewriting 5:12,15

**U**
UNITED 1:3

**V**
verbatim 5:9

**W**
Washoe 3:3,6 5:3,6
Wells 4:7,9,10

West 2:3 3:8 5:8
We've 4:12

**#**
#486 1:24 5:24

**1**
189469 1:25

**2**
2013 1:18 3:7 4:1 5:7,21

**3**
3 1:18 3:7 4:1 5:7
3rd 4:4 5:20
322-7400 2:5

**5**
50 2:3 3:8 5:8

**7**
7 1:8
775 2:5

**8**
89501 2:4

**9**
9:00 4:5
9:02 4:1,14
950 2:4 3:8 5:8